# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FERRING B.V., ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> APOTEX, INC. et al., ) <br> ) <br>     Defendants. ) <br> ) | 3:13-cv-00595-RCJ-VPC <br><br> **ORDER** |

Ferring recently moved for a temporary restraining order because although Apotex had amended its ANDA No. 202286 to avoid infringement of Ferring's '739, '106, and '795 Patents, the ANDA as amended still permitted Apotex to infringe Ferring's '005 Patent. Apotex responded by showing that it had further amended the ANDA to bring its parameters outside the scope of the '005 Patent, as well. The Court therefore ruled that Ferring had not shown a likelihood of success on the merits, and denied the motion. The Court, however, scheduled a hearing as to the contemporaneously requested preliminary injunction. Apotex has now requested that the Court continue the May 5, 2014 hearing because its appeal brief as to the bench trial the Court recently held in four related cases is due on May 7, 2014. Ferring has objected to any continuation.

1

1  The Court denies the motion.  The preliminary injunction hearing will mainly focus upon the application of two cases (*Sunovion* and *Glaxo*) to the present controversy.  The issues to be argued are not particularly complex.  Furthermore, Apotex has six attorneys of record in the present case, three of whom are not even among Apotex's five attorneys of record in the related appeal to the Federal Circuit.  Apotex ought to be able to handle both homework assignments at once under these circumstances.  As Ferring notes, although the Court found that Ferring had not yet made the showing of likelihood of success on the merits necessary to grant preliminary relief, it has shown a likelihood of irreparable harm.  Even if it were not the case that Apotex had three attorneys assigned to the present case who are not of record in the related appeal (including two local attorneys, one of whom is a partner), the Court would not delay Ferring's opportunity to show it is entitled to preliminary relief to alleviate that alleged harm so that Apotex could focus the work of its bevy of attorneys on one task at a time.  Additionally, the Court must in fact accelerate the hearing due to time constraints beyond the Court's control.

///
///
///
///
///
///
///
///
///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Continue Hearing (ECF No. 46) is DENIED.

IT IS FURTHER ORDERED that the Motion to Seal (ECF No. 41) is GRANTED.

IT IS FURTHER ORDERED that the Hearing currently scheduled for May 5, 2014 is rescheduled for Wednesday, April 23, 2014 at 09:00 a.m. in Courtroom 6 of the Bruce R. Thompson Federal Courthouse in Reno, Nevada.

IT IS SO ORDERED.

Dated: This 21st day of April, 2014.

_____
ROBERT C. JONES
United States District Judge

3